UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCUS EUGENE DASH,

                Plaintiff,

-against-

DOWNSTATE CORRECTIONAL FACILITY,

                Defendant.

19-CV-5448 (PGG)

ORDER OF SERVICE

---

PAUL G. GARDEPHE, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his federal constitutional rights. By order dated July 24, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### A. Downstate Correctional Facility

Plaintiff's claims against Downstate Correctional Facility must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Downstate Correctional Facility is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a court is not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (noting that a correctional facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claims against Downstate Correctional Facility must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Rule 21 of the Federal Rules of Civil Procedure

Plaintiff asserts that, in June 2018, an unnamed medical staff person at Downstate Correctional Facility subjected him to a physical examination that violated his constitutional rights. The Clerk of Court is therefore directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add John Doe as a Defendant. This amendment is without prejudice to any defenses that this Defendant may wish to assert.

### C. John Doe Defendant

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision to identify the medical staff person who examined Plaintiff upon his transfer to

Downstate Correctional Facility in June 2018. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Downstate Correctional Facility. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to add John Doe as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty Street, New York, New York 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 30, 2014
New York, New York

PAUL G. GARDEPHE
United States District Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes ☐ No
(check one)

___ Civ. _____ ( )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I. **Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's  Name_____
            ID#_____
            Current Institution_____
            Address_____
            _____

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

Defendant No. 2      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

Defendant No. 3      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

> Who did what?

Defendant No. 4      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

Defendant No. 5      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?
_____
_____

B.   Where in the institution did the events giving rise to your claim(s) occur?
_____

C.   What date and approximate time did the events giving rise to your claim(s) occur?
_____
_____
_____

D.   Facts:_____

> What happened to you?

_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

_____

_____

_____

| Who else saw what happened? |

### III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

_____

### IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ____ Do Not Know ____

If YES, which claim(s)?
_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

    1. Which claim(s) in this complaint did you grieve?
_____
_____

    2. What was the result, if any?
_____
_____

    3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F. If you did not file a grievance:

    1. If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border:1px solid">On these claims</div>

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

   Yes _____    No _____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____
   _____

   _____3.   Docket or Index number _____
   _____4.   Name of Judge assigned to your case _____
   5.   Approximate date of filing lawsuit _____
   6.   Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____
   7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
        _____
        _____

<div style="border:1px solid">On other claims</div>

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
     Yes _____    No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2.   Court (if federal court, name the district; if state court, name the county) _____
   _____

   _____3.   Docket or Index number _____
   _____4.   Name of Judge assigned to your case _____
   5.   Approximate date of filing lawsuit _____

6. Is the case still pending? Yes _____ No _____
   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

                        Signature of Plaintiff _____
                        Inmate Number _____
                        Institution Address _____
                                              _____
                                              _____

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                        Signature of Plaintiff: _____